**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KENYATTA DONNELL TUCKER,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MICHAEL MILLER,**<br><br>**Respondent.** | **Case No. 25-CV-125-RAW-JAR** |

**OPINION AND ORDER**

Petitioner Kenyatta Donnell Tucker, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Oklahoma County, Case No. CF-2019-833. Respondent Michael Miller has moved to dismiss the petition, arguing that Petitioner failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Having considered the petition [Dkt. No. 1] and Respondent's pre-answer motion to dismiss and brief in support [Dkt. Nos. 9, 10], the Court grants Respondent's motion and dismisses the petition with prejudice, as barred by the statute of limitations.

I. BACKGROUND

Petitioner was convicted by a jury in the District Court of Oklahoma County, Case No. CF-2019-833, of Murder in the Second Degree (Count 1) and Felon in Possession of a Firearm (Count 2). Dkt No. 10-1, at 1.[1] Petitioner was sentenced on March 16, 2021, to life imprisonment on Count 1 and a concurrent three-year term of imprisonment on Count 2. *Id.* Petitioner directly appealed his conviction, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the

[1] The Court's citations refer to the CM/ECF header pagination.

judgment and sentence in an opinion issued April 28, 2022. Dkt. No. 10-5. Nearly a year later, on April 11, 2023, Petitioner filed an application for post-conviction relief in the state district court, alleging five claims of ineffective assistance of appellate counsel. Dkt. No. 10-6. The state district court denied relief on July 12, 2023, on all but one claim,[2] and the OCCA affirmed the decision on February 23, 2024. Dkt. Nos. 10-8, 10-10, 10-12. Petitioner then initiated the instant federal habeas action on February 14, 2025. Dkt. No. 1, at 15.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became final under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

---

[2] The state district court granted relief on Petitioner's claim that "appellate counsel was ineffective for failing to argue on appeal that his conviction for both Second Degree Felony Murder and the underlying offense of Felon in Possession violates double jeopardy provisions." Dkt. No. 10-8, at 7. The State conceded error on the claim, and the district court consequently vacated Petitioner's conviction and sentence for Felon in Possession of a Firearm. *Id.* at 8.

a. The One-Year Limitations Period

In the portion of his Petition pertaining to timeliness, Petitioner states that he "found grounds for relief not previously available" when he read *Andrew v. White*, 604 U.S. 86 (2025). Dkt. No. 1, at 13. Petitioner, however, provides no argument as to how his discovery of the *Andrew* decision provides him with an alternative triggering date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner's one-year limitation period to seek federal habeas relief is governed by § 2244(d)(1)(A). Petitioner's judgment became final on July 27, 2022, upon the expiration of his ninety-day deadline to file a petition for writ of certiorari with the United States Supreme Court following the OCCA's April 28, 2022, decision. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). His one-year limitation period began to run the following day, on July 28, 2022, and expired one year later, on July 28, 2023. *See Harris v.* Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011); *United States v.* Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Accordingly, Petitioner's February 14, 2025, Petition is untimely absent statutory or equitable tolling.

b. Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," if the application is filed within the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Petitioner filed his application for post-conviction relief on April 11, 2023, with 108 days remaining in the statutory period. Thus, when the OCCA affirmed the state district court's disposition of his application for post-conviction relief on February 23, 2024, Petitioner had 108 days, or until June 11, 2024, to initiate his federal habeas action.

Accordingly, Petitioner's February 14, 2025, Petition is untimely even with the benefit of statutory tolling.

While the AEDPA's statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner does not argue that he is entitled to equitable tolling, and nothing in Petitioner's submissions indicates that he pursued his claims diligently or that extraordinary circumstances precluded the timely submission of his Petition. Additionally, "a convincing showing of actual innocence" may "serve[] as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner, however, has not raised this argument or come forward with "new reliable evidence" to make such a showing. *Schlup v. Delo*, 513 U.S. 298, 324 (10th Cir. 1995); *see Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (explaining that "'actual innocence' means factual innocence, not mere legal insufficiency").

III. PETITIONER'S MOTION TO STAY

One month after Respondent submitted his Motion to Dismiss the Petition, Petitioner filed a motion styled "Motion to Stay Habeas Corpus Proceedings to Exhaust State Remedies on Newly Discovered Evidence relating to Warrantless Search of Phone." Dkt. No. 11. In his motion, Petitioner states that he has filed a new application for post-conviction relief in state court based on an allegedly illegal search of his cell phone prior to his trial. *Id.* at 2. Petitioner requests that the Court stay the habeas proceedings to permit him to complete the exhaustion of this claim and allow him to amend his Petition to incorporate the new claim if the state court denies the application. *Id.* Respondent objects to the request, noting that Petitioner did not raise the claim at

issue in his Petition or properly move to amend his Petition to include the claim. Dkt. No. 13, at 1. Respondent further argues that a stay and amendment would be futile due to untimeliness. *Id.* at 5.

The Court agrees with Respondent that Petitioner's motion should be denied. Petitioner has provided no argument or authority supporting a stay and abatement of these habeas proceedings for exhaustion of a claim not yet before the Court. *See Postelle v. Carpenter*, 901 F.3d 1202, 1224-25 (10th Cir. 2018) (denying certificate of appealability where the petitioner had "give[n] the court no reason to doubt the district court's holding that it could not stay and abate habeas proceedings for exhaustion of a claim not yet before the court"). Further, Petitioner's request for leave to amend his Petition in the future, if the state courts deny relief on his new claim, fails to comply with the Court's local rule for motions to amend pleadings in actions brought by incarcerated persons. *See* LCvR 9.2(c) (prescribing that an "original proposed pleading shall be signed and submitted with any motion for leave to amend a pleading").

Moreover, amendment would be futile because the proposed claim is untimely. Petitioner cannot avail himself of Federal Rule of Civil Procedure 15(c) to render the proposed claim timely by relation back to the filing date of the original Petition because the original Petition, itself, is untimely. *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001). Nor has Petitioner shown that the new claim otherwise would be timely under 28 U.S.C. § 2244(d)(1). Even if the Court liberally construed Petitioner's assertions as invoking § 2244(d)(1)(D), the record does not support a finding that he could not have discovered the factual predicate of his claim sooner through the exercise of due diligence. Petitioner's state-court filings, of which the Court takes judicial notice, reflect that Petitioner investigated the government's alleged search of his cell phone after another inmate "told [him] that the Oklahoma Attorney General's Office has authorized the

warrantless searches of cell phones using the celebrite machine." Dkt. No. 13-2, at 16. Yet, the State's criminal case file was open to the defense for inspection and review as early as April 14, 2020, and Petitioner does not explain why he could not have investigated the alleged search of his cell phone sooner. Dkt. No. 13-4. The pertinent inquiry under § 2244(d)(1)(D) is not when a petitioner becomes aware of the facts underlying his claim or the legal significance of those facts, but when the petitioner first could have discovered the facts through the exercise of due diligence. Nothing before the Court suggests Petitioner's proposed new claim is timely under § 2244(d)(1)(D).

## IV. CONCLUSION

Based on the foregoing, the Court grants Respondent's motion to dismiss [Dkt. No. 9] and dismisses the petition with prejudice as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay habeas corpus proceedings [Dkt. No. 11] is **denied**;
2. Respondent's motion to dismiss [Dkt. No. 9] is **granted**;
3. the petition for writ of habeas corpus [Dkt. No. 1] is **dismissed** with prejudice as barred by the AEDPA's statute of limitations;
4. a certificate of appealability is **denied**; and
5. a separate judgment shall be entered in this matter.

DATED this 14th day of September, 2026.

Ronald A. White
United States District Judge
Eastern District of Oklahoma